IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JEFFREY CONKLIN,            )
                            )
            Plaintiff,      )
                            )
    v.                      ) Civil Action No. 06-163J
                            )
MICHAEL J. ASTRUE,          )
COMMISSIONER OF             )
SOCIAL SECURITY,            )
                            )
            Defendant.      )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 25th day of March, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 12) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 10) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed his applications for benefits on July 27, 2004, alleging a disability onset date of July 15, 2003, due to heart disease. Plaintiff's applications were denied initially. At plaintiff's request, an ALJ held a hearing on February 1, 2006, at which plaintiff, represented by counsel, appeared and testified. On March 9, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On May 23, 2006, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 53 years old at the time of the ALJ's decision and is classified as an individual closely approaching advanced age under the regulations. 20 C.F.R. §§404.1563(d) and 416.963(d). Plaintiff has a high school education. He has past relevant work experience as a leather factory mechanic, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ

AO 72
(Rev 8/82)

concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of atherosclerotic heart disease, status post myocardial infarction with stenting in 1998 and 2003, and a moderate sized fixed defect of the left ventricle, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to engage in light work with certain restrictions recognizing the limiting effects of his impairments.[1] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including inserter, weigher/scales operator and cashier/toll collector. Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental

---

[1] The ALJ found that plaintiff has the residual functional capacity to occasionally lift and carry 20 pounds, frequently lift and carry 10 pounds and to stand or walk for two hours per workday. In addition, the ALJ noted certain environmental restrictions, as well as some enumerated restrictions accounting for plaintiff's reduced attention and concentration. (R. 17).

impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process for determining whether a claimant is under a disability.[2] 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises two challenges to the ALJ's finding at step 5 that plaintiff is not disabled. Specifically, plaintiff contends that: (1) Medical-Vocational Rule 201.14 directs a finding of disabled if plaintiff is restricted to sedentary work

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1520 and 416.920. See also Newell, 347 F.3d at 545-46.

and the jobs identified by the vocational expert are sedentary in nature; and, (2) the ALJ's hypothetical to the vocational expert was inconsistent with the ALJ's residual functional capacity finding. Upon review, the court is satisfied that the ALJ's findings are supported by substantial evidence.

Plaintiff's first argument is that he is disabled as a matter of law pursuant to the Medical-Vocational guidelines ("grids"). The grids set out various combinations of age, education, work experience and residual functional capacity and direct a finding of disabled or not disabled for each combination. See 20 C.F.R. Part 404, Subpart P, Appendix 2. When the four factors in a claimant's case correspond exactly with the four factors set forth in the grids, the ALJ must reach the result the grids reach. Sykes v. Apfel, 228 F.3d 259, 263 (3d Cir. 2000); 20 C.F.R. §404.1569; 20 C.F.R., Part 404, Subpart P, Appendix 2, §200.00. The Supreme Court upheld the use of the grids in Heckler v. Campbell, 461 U.S. 458 (1983).

In this case, the parties do not dispute that an individual of plaintiff's age, education and work experience who has a residual functional capacity for sedentary work would be disabled as a matter of law under grid rule 201.14. However, the ALJ found that plaintiff has the residual functional capacity for light work with certain non-exertional limitations. Plaintiff contends that the jobs identified by the vocational expert that plaintiff can perform more properly should be classified as sedentary jobs. Plaintiff's argument is unpersuasive.

In response to the ALJ's hypothetical involving an individual of plaintiff's age, education, work experience and a residual functional capacity for light work, the vocational expert identified inserter, weigher/scales operator and cashier/toll collector as jobs that such an individual could perform. In addition, pursuant to SSR 00-4p[3], the ALJ found that the vocational expert's testimony was consistent with the information on those jobs contained in the Dictionary of Occupational Titles ("DOT"), and, in fact, the jobs identified by the vocational expert are classified as light by the DOT[4]. Accordingly, grid Rule 201.14 is inapplicable.

Furthermore, because the ALJ found that plaintiff could perform less than the full range of light work, he properly used the grids only as a framework, noting that if plaintiff could perform the full range of light work, the grids would dictate a finding of not disabled. Since plaintiff could not perform the full range of light work, the ALJ relied on the testimony of the vocational expert to find that there are jobs existing in significant numbers in the national economy that plaintiff can perform in light of his age, education and residual functional

---

[3] SSR 00-4p requires an ALJ to identify and obtain a reasonable explanation for conflicts between occupational evidence provided by a vocational expert and information in the DOT and to explain in his decision how any conflict that has been identified was resolved.

[4] See, e.g., DOT, §§794.687-058 (inserter-paper goods); 555.687-010 (scale operator-chemical); 211.462-010 (cashier II); and 211.462.038 (toll collector).

capacity. The ALJ's finding is supported by substantial evidence.

Plaintiff's second argument is that the ALJ's hypothetical to the vocational expert, which restricted plaintiff to "occasional standing and walking", was inconsistent with the ALJ's residual functional capacity finding that plaintiff can "stand and walk for two hours per workday." However, as the Commissioner aptly notes, the DOT defines "occasional" as meaning "up to 1/3 of the time." DOT, Appendix C, ¶ 4. Accordingly, the hypothetical to the vocational expert was consistent with plaintiff's residual functional capacity finding, and the vocational expert's response to the hypothetical indicating that an individual restricted to standing and walking for two hours per workday could perform the jobs identified constitutes substantial evidence supporting the ALJ's step 5 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

_Gustave Diamond_
Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
    1789 S. Braddock Ave., Suite 570
    Pittsburgh, PA 15218

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    Penn Traffic Building, Room 224
    319 Washington Street
    Johnstown, PA 15901